UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CONSTANCE J. VORMWALD,

                      **Plaintiff,**

               v.                           5:05-CV-671
                                              (FJS/GJD)

THE LIBERTY MUTUAL LIFE
ASSURANCE COMPANY OF BOSTON,

                      **Defendant.**

---

**APPEARANCES**                                                 **OF COUNSEL**

**OFFICE OF LAWRENCE I.**                  **LAWRENCE I. HELLER, ESQ.**
**HELLER, ESQ.**
One East Main Street
Suite 950
Rochester, New York 14850
Attorneys for Plaintiff

**BOND, SCHOENECK & KING, PLLC**        **WILLIAM E. REYNOLDS, ESQ.**
111 Washington Avenue
Albany, New York 12210-2280
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On June 1, 2005, Plaintiff filed her Complaint alleging two causes of action pursuant to ERISA.[1]  First, Plaintiff seeks to recover long-term disability benefits that, she alleges, Defendant wrongfully terminated.  Second, Plaintiff requests that the Court impose penalties against

---

[1] Although Plaintiff's Complaint denominates three causes of action, the "second cause of action" merely alleges that Defendant erred in its termination of benefits and sets forth Plaintiff's argument concerning the appropriate standard of review.  *See* Complaint at ¶¶ 24-29.

Defendant due to its alleged failure to disclose plan documents upon request. Currently before the Court are Plaintiff's and Defendant's competing motions for summary judgment.

## II. BACKGROUND[2]

Albany International Corp. employed Plaintiff as a Quality Assurance Technician. As an employee, Plaintiff qualified for long-term disability insurance coverage that Defendant provided. Due to a diagnosis of polycranial neuritis with symptoms of severe burning sensations in her tongue and face, Plaintiff qualified for disability beginning on August 3, 1990. On August 7, 2003, Defendant informed Plaintiff that she no longer qualified for long-term disability benefits pursuant to a plan provision requiring that, after payment of twenty-four months of benefits, a claimant must be disabled from performing any occupation.

In support of its termination of benefits, Defendant cited medical evidence from Plaintiff's physician Dr. Paula Gauss that Plaintiff's condition was controlled with medication, that Plaintiff had no restrictions on sitting, pulling, reaching, grasping, or lifting up to twenty pounds, that Plaintiff could frequently stand, walk, and lift up to thirty pounds, and that Plaintiff could occasionally kneel and lift up to forty pounds. Defendant also cited a February 26, 2003 questionnaire that Plaintiff completed. In the questionnaire, Plaintiff stated that she could perform daily activities and care for her home and child.

---

[2] The facts are undisputed and are drawn from Defendant's Statement of Material Facts and the documents cited therein. As noted below, Plaintiff did not file a proper Statement of Material Facts or a Response to Defendant's Statement of Material Facts despite the requirements of Rule 7.1 of the Local Rules of Practice. Regardless, Plaintiff concedes that the facts are not in dispute and contends that the parties merely dispute how to interpret these facts properly in the context of the disability determination.

Plaintiff timely appealed Defendant's termination of her disability benefits, but she did not submit additional medical evidence or test results. In support of her appeal, she submitted a personal letter and a letter from Dr. Gauss. Plaintiff's letter focused on an unrelated surgery to repair a tendon in her left hand, her subjective complaints, and her conclusion that she could not perform any occupation "'with reasonable continuity.'" *See* Defendant's Statement of Material Facts at ¶ 12. Dr. Gauss' letter did not reference any objective medical data or test results. A significant portion of the letter addressed Plaintiff's peripheral conditions, including high blood pressure, mild diabetes, and dyslipidemia. However, Plaintiff has not claimed that these conditions cause her to be disabled.

Defendant conducted a full review of Plaintiff's appeal and upheld its termination of Plaintiff's long-term disability benefits. On January 8, 2004, Defendant notified Plaintiff of its decision in a five-page letter. The evidence in support of the termination of benefits included the following facts:

- On February 14, 2000, Dr. Gauss stated that Plaintiff's polycranial neuritis was "pretty much in remission."

- Neurologist Robert Levine's independent medical examination of Plaintiff, dated April 17, 2002, found "'no objective findings to support the diagnosis of polycranial neuralgia. The objective medical data and my physical examination do not correlate with her subjective complaints. . . . In my opinion, she is able to return to work at this time with no restrictions.'"

- Plaintiff reported that her medical testing had been "unremarkable."

- Plaintiff's February 26, 2003 questionnaire stated that she could perform daily activities and care for her home and young daughter. Moreover, she travels once or twice a year on business trips with her husband, takes a vacation once a year (including to Florida), and volunteers once a month at her daughter's preschool.

- Dr. Gauss' March 12, 2003 office notes indicate that Plaintiff had recently

   traveled to Florida and planned to do so again in ten days.  The note states that her polycranial neuritis was "'well controlled'" and stable.

•   Defendant's registered nurse noted that Plaintiff's other conditions – sinus allergy, hypothyroidism, and type II diabetes – were controlled with medication and not disabling.

•   Plaintiff reported that she intended to adopt a second child and that she had wallpapered her kitchen.

*See* Defendant's Statement of Material Facts at ¶¶ 15-23.

### III. DISCUSSION

**A. Summary judgment standard and Rule 7.1 of the Local Rules of Practice**

A district court will grant summary judgment when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing the pleadings, affidavits, depositions, and admissions on file, the court must "'resolve all ambiguities and draw all inferences in favor of the non-moving party.'" *Chan v. Gantner*, 464 F.3d 289, 292 (2d Cir. 2006) (quotation omitted).

Rule 7.1 of the Local Rules of Practice requires that all motions must include a memorandum of law, supporting affidavit, and proof of service on all parties. *See* Local Rule 7.1(a). Additionally, this rule requires that motions for summary judgment must contain a Statement of Material Facts, with each material fact listed in numbered paragraphs followed by a specific citation to the record where the fact is established. *See* Local Rule 7.1(a)(3). "<u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.</u>" *Id.*  Moreover, the rule requires that an opponent of summary judgment must file a response to the Statement of Material Facts, with each admission or denial contained

in matching numbered paragraphs followed by a citation for each denial. *See id.* "Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." *Id.*

The purpose of these local rules is to permit the district courts "to efficiently decide summary judgment motions by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties.'" *N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005) (quotation and other citations omitted). Therefore, the Second Circuit has affirmed summary judgment rulings that enforce the local rules when the record supports the purported "facts" favoring summary judgment. *See id.* (citations omitted). However, a district court has "broad discretion" to overlook such deficiencies in favor of a searching review of the record. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted).

**B.    Plaintiff's motion for summary judgment**

Plaintiff failed to submit an affidavit supporting her motion for summary judgment despite the fact that the Clerk's office notified her counsel via PACER/CM-ECF of the need to file an affidavit pursuant to Local Rule 7.1. Following that notice, Plaintiff submitted a supplemental memorandum of law, but she did not submit a supporting affidavit at any time.[3] Moreover, the purported "Statement of Material Facts" contained in Plaintiff's Memorandum of Law is not in numbered-paragraph form and contains no citations to the record. Finally, this

---

[3] Plaintiff's counsel asserts that he has encountered difficulties with PACER/CM-ECF and that he received no such notice.

purported "Statement of Material Facts" does not review the medical evidence in support of Plaintiff's claimed disability, except to the extent that it contains the following conclusory statements:

> At all times her treating physician Dr. Gauss has unequivocally stated that Ms. Vormwald is totally disabled from performing duties of any occupation. . . .
>
> * * * * * * * * * * *
>
> Ms. Vormwald and her physicians have consistently found her totally disabled and unable to do any work due to the fatigue, numbness, dizziness, pain, and medication necessary [sic] congruent with the illness. The insurance company disagrees.

*See* Plaintiff's Memorandum of Law at 1.[4]

The Court notes that compliance with the Local Rule 7.1 is particularly necessary in ERISA benefits cases because the Court is often required to perform a *de novo* review of an expansive record spanning several years and multiple decision-makers. In this case, the Administrative Record contains 705 pages of detailed medical and insurance documents. An affidavit and a proper Statement of Material Facts would have provided the Court with an efficient means to locate and evaluate the relevant portions of this extensive record. For this reason, and because the Administrative Record supports the material facts that Defendant cites in support of its termination of Plaintiff's benefits, the Court exercises its discretion to enforce the provisions of Local Rule 7.1. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment on her ERISA claims arising out of Defendant's termination of long-term disability

---

[4] The Court notes that Plaintiff's Memorandum of Law does not comply with the requirement of Local Rule 10.1(a) that "all text shall be . . . double-spaced . . . ." L.R. 10.1(a).

benefits.[5]

### C. Defendant's motion for summary judgment

A district court reviews an ERISA plan administrator's denial of benefits under a *de novo* standard unless the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. *See Gibbs ex. rel. Estate of Gibbs v. Cigna Corp.*, 440 F.3d 571, 575 (2d Cir. 2006) (quotation omitted). In this case, the parties agree that a *de novo* standard of review applies because the plan does not grant the administrator such discretion.

The claimant has the burden of proving by a preponderance of the evidence that she is disabled in accordance with the plan's terms. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 441 (2d Cir. 2006) (quotation omitted). In determining whether a claimant can perform any occupation, the administrator must assess the claimant's physical capacity to perform both physical and sedentary work. *See Demirovic v. Bldg. Serv. 32 B-J Pension Fund*, 467 F.3d 208, 215 (2d Cir. 2006). In reviewing the medical evidence, the administrator is not required to accord the treating physician's testimony any special deference; however, the administrator cannot arbitrarily refuse to credit reliable evidence from the treating physician. *See Paese*, 449 F.3d at 442 (quotation omitted). In addition to medical evidence, the administrator must assess whether the claimant has the vocational capacity to perform any type of work. *See Demirovic*, 467 F.3d at 215.

In this case, due to her non-compliance with Local Rule 7.1 and her earlier decision not to

---

[5] The Court notes that Plaintiff has also failed to establish the factual predicate for her claim that Defendant failed to disclose Plan documents upon request.

provide medical evidence or test results during the Plan's claim review process, Plaintiff has failed to provide any objective evidence to support Dr. Gauss' finding that she is disabled from performing any occupation. Furthermore, due to Plaintiff's failure to respond to Defendant's Statement of Material Facts, Plaintiff is deemed to have admitted Defendant's well-supported factual allegations concerning the lack of objective medical evidence to support Plaintiff's subjective complaints.[6] *See* Local Rule 7.1(a)(3). Consequently, on the present record, there is no objective evidence to verify the treating physician's apparent acceptance of Plaintiff's subjective complaints and her ultimate conclusion that Plaintiff's polycranial neuritis results in total disability. To the contrary, Dr. Gausso stated several times that Plaintiff's polycranial neuritis was well-controlled or "pretty much in remission." *See* Administrative Record at 224, 319. Dr. Gausso even noted at one point that Plaintiff had been trying to "taper off" her use of medication for the condition. *See id.* at 224. Therefore, the Court discounts Plaintiff's subjective complaints and the conclusory statements of her treating physician as unsupported by the current record. *See Maniatty v. Unumprovident Corp.*, 218 F. Supp. 2d 500, 504 (S.D.N.Y. 2002) (stating that the administrator (therefore, the reviewing court on *de novo* review) is not required to accept a plaintiff's subjective complaints absent supporting objective evidence).

    In contrast to Plaintiff's deficient showing, Defendant has demonstrated that it possessed not only the medical evidence noted above but also that it possessed assessments from Dr. Gausso and other independent sources suggesting that Plaintiff displayed the vocational capacity to perform work existing in the national economy. *See* Administrative Record at 160-61, 216,

---

[6] For instance, the administrative record supports each bullet point of evidence included in the Background section of this Memorandum-Decision and Order. *See* Administrative Record at 224, 232, 239-40, 255-57, 295-96, 297-99, 316-17, 319.

232, 295-96, 306, 316-18, 449. Therefore, the Court finds that Plaintiff has not established by a preponderance of the evidence that she is disabled from performing any occupation. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's ERISA claims arising from Defendant's termination of her long-term disability benefits.

### IV. CONCLUSION

Accordingly, after reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for summary judgment on her ERISA claims arising from Defendant's termination of her long-term disability benefits is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for summary judgment on Plaintiff's ERISA claims arising from Defendant's termination of her long-term disability benefits is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: August 23, 2007
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge